UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| GREG MOODY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 17-1074-JDT-cgc |
| | ) | |
| STATE OF TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING MOTION TO APPOINT COUNSEL,
DISMISSING COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On April 18, 2017, Plaintiff Greg Moody, who is currently incarcerated at the Bledsoe County Correctional Complex ("BCCX") in Pikeville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2). In an order issued April 21, 2017, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 5.) The Clerk shall record the Defendants as the State of Tennessee, Dyer County Circuit Court Judge Russell Lee Moore, Attorney Charles Phillip Bivens, and Attorney Jim Horner.

On April 18, 2017 Moody filed a motion to appoint counsel. (ECF No. 3.) Pursuant to 28 U.S.C. § 1915(e)(1), the "court may request an attorney to represent any

such person unable to afford counsel." However, "[t]he appointment of counsel in a civil proceeding is not a constitutional right." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *see also Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("[T]he plaintiffs were not entitled to have counsel appointed because this is a civil lawsuit."); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (no constitutional right to counsel in a civil case); *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993) ("There is no constitutional or . . . statutory right to counsel in federal civil cases . . . ."). Appointment of counsel is "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 606 (internal quotation marks and citation omitted). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* at 606 (internal quotation marks and citations omitted). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are extremely slim. *Id.* (citing *Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1985)); *see also Cleary v. Mukasey*, 307 F. App'x 963, 965 (6th Cir. 2009) (same).

In this case, Plaintiff has not satisfied his burden of demonstrating that the Court should exercise its discretion to appoint counsel.

I. The Complaint

The allegations of the complaint are not entirely coherent. Moody alleges that Defendant Bivens was a "hired attorney" for him and his mother "from 1988 through 199? during such period he misrepresented me and also prosecuted me." (ECF No. 1 at

2

3-4.) If the assertion is that while a criminal case was proceeding against Moody, Bivens was both prosecuting Moody in that criminal case and, at the same time, also attempting to represent Moody and his mother in a different matter, the Court finds such an allegation highly improbable. In any event, Moody then alleges that Defendant Horner, who he identifies as a former prosecutor, was appointed to represent him; he alleges this violated attorney client privilege and prejudiced the court. (*Id.* at 4.) In 2004 and 2009, Defendant Moore allegedly denied Moody's right to counsel and to a speedy trial or disposition. (*Id.*)

Moody contends he was extradited in 2013 and that Defendants Moore and Bivens used a failure to appear warrant to intimidate him from pursuing his rights. (*Id.*) Moody states that his defense attorney, Todd Taylor, who is not named as a defendant, appealed Moody's unspecified conviction, but failed to act in Moody's best interest. (*Id.* at 4-5.) Moody alleges that from 2003 to 2013 he served time pursuant to detainers from Dyer County for a probation violation and felonious failure to appear. (*Id.* at 5.) He states that he requested disposition and representation many times from 2008 to 2017. (*Id.* at 5.) Moody alleges that in 2017 Defendants Moore and Bivens issued a capias warrant while Moody was on bond and attempting to secure counsel, which was again denied. (*Id.*)

Moody seeks declaratory and injunctive relief in addition to compensatory and punitive damages; he also asks that Defendants Moore and Bivens be charged with criminal intimidation. (*Id.* at 6-7.)

II. Analysis

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

>  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rules of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either

5

this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

Moody filed his complaint on the court-supplied form for actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

As an initial matter, many of Moody's claims are time barred. The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *see also Wilson v. Garcia*, 471 U.S. 261, 275-76 (1985). The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision found in Tennessee Code Annotated § 28-3-104(a)(1). *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986). Moody filed this complaint on April 18, 2017; therefore, all claims arising before April 17, 2016, are time barred.[1]

Moody cannot sue the State of Tennessee for money damages under 42 U.S.C. § 1983. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Employees of Dep't of Pub. Health & Welfare v. Mo. Dep't of Pub. Health & Welfare*, 411 U.S. 279, 280 (1973); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632,

---

[1] The complaint is not dated, but the envelope is postmarked April 17, 2017. (ECF No. 1-1.)

1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). By its terms, the Eleventh Amendment bars all suits, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100-01. Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Moody also cannot sue Defendant Bivens for damages arising from the institution of criminal proceedings against him. Prosecutors are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). "A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity." *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). Any claim for money damages against Defendant Bivens for these activities is barred by absolute prosecutorial immunity. *Id.* at 427-28; *Burns v. Reed*, 500 U.S. 478, 490-492 (1991); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989); *Jones v. Shankland*, 800 F.2d 77, 80 (6th Cir. 1986). Therefore, he cannot be sued for malicious prosecution. *O'Neal v. O'Neal*, 23 F. App'x 368, 370 (6th Cir. 2001); *see also Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2004) (noting that "prosecutors are absolutely

immune from many malicious prosecution claims"); *Roybal v. State of Tenn. Dist. Attorney's Office*, 84 F. App'x 589 (6th Cir. 2003).

Moody also has no § 1983 claim against Defendant Horner or Defendant Bivens to the extent he alleges they represented him at some point. Courts have uniformly held that attorneys are not state actors who can be sued under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law, and therefore is not amendable to suit under § 1983."); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (private attorney who is appointed by the court does not act under color of state law); *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (per curiam) (attorney appointed by federal court is not a federal officer who can be sued under *Bivens*).

Likewise, Moody has no claim against Defendant Moore. It is well settled that judges, in the performance of their judicial functions, are absolutely immune from civil liability. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty., Ohio,* 753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese,* 689 F.3d 538, 542 (6th Cir. 2012). Whether a judge or other official is entitled to absolute immunity in a given case turns on a "functional" analysis. *Harlow v. Fitzgerald*, 457 U.S. 800, 810-11 (1982). The "touchstone" for applicability of absolute judicial immunity is "performance of the function of resolving disputes between parties,

or of authoritatively adjudicating private rights." *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 435-36 (1993). The actions allegedly taken by Moore are within the scope of his judicial function; therefore, Moody's claims against Moore are barred by judicial immunity.

Finally, any claims arising from Moody's conviction are barred by *Heck v. Humphrey*, in which the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. 477, 486-87 (1994)(footnotes omitted). *See also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995) (same) (footnotes omitted). Plaintiff has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of a state court order directing his confinement unless and until any prosecution is terminated in his favor, his conviction is set aside, or the confinement is declared illegal. *Heck*, 512 U.S. at 481-82; *Schilling*, 58 F.3d at 1086. *Cf. Preiser v.*

*Rodriguez*, 411 U.S. 475, 500 (1973) (whenever the relief sought is release from prison, the only remedy is through a habeas petition, not a § 1983 complaint). None of those events has occurred in this case.

For all of the foregoing reasons, Moody's complaint is subject to dismissal in its entirety for failure to state a claim on which relief can be granted.

III. Standard for Leave to Amend

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, No. 12-1403, 2013 WL 646489, at *1 (1st Cir. Feb. 22, 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Brown*, 2013 WL 646489, at *1; *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) ("*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile"); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of

11

access to the courts."). In this case, the Court concludes that leave to amend is not warranted.

IV. Conclusion

The Court DISMISSES Moody's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Moody in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Moody would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Moody nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other*

*grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, Moody is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Moody, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE